**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4917**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

         v.

GENE ELWOOD MOORE, JR.,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  Louise W. Flanagan,
Chief District Judge.  (7:05-cr-00043-FL)

Submitted:  June 26, 2008          Decided:  June 30, 2008

Before KING and DUNCAN, Circuit Judges, and WILKINS, Senior Circuit
Judge.

Affirmed by unpublished per curiam opinion.

William Lee Davis, III, Lumberton, North Carolina, for Appellant.
Anne Margaret Hayes, Assistant United States Attorney, Raleigh,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Gene Elwood Moore, Jr., pled guilty to possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced Moore to 120 months of imprisonment, the statutory maximum sentence. Moore's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal. Counsel notes that there was no error in the plea colloquy, see Fed. R. Crim. P. 11, and that Moore waived the right to appeal his sentence in the plea agreement.[*] Moore was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

Counsel raises as a potential issue the adequacy of the plea hearing but does not specify any deficiencies in the district court's Rule 11 inquiries. Our careful review of the record convinces us that the district court fully complied with the mandates of Rule 11 in accepting Moore's guilty plea and ensured that Moore entered his plea knowingly and voluntarily and that the plea was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

---

[*]Because the Government has not asserted the waiver on appeal, we do not enforce it. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (stating that, if Anders brief is filed in case with appeal waiver, Government's failure to respond "allow[s] this court to perform the required Anders review").

- 2 -

With regard to Moore's sentence, the district court properly calculated the guideline range of 140-175 months and found that, because that range was higher than the statutory maximum sentence of 120 months, see 18 U.S.C.A. § 924(a)(1) (West 1999 & Supp. 2008), the statutory maximum sentence became the guideline range.  See U.S. Sentencing Guidelines Manual § 5G1.1(a) (2005). We find no abuse of discretion in the district court's imposition of a sentence of 120 months.  See Gall v. United States, 128 S. Ct. 586, 596-97 (2007) (discussing standard of review).

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm the district court's judgment.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED